# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**CAROL SAMAROV**                                                      **PLAINTIFF**

**V.**                                                          **NO. 1:20-CV-226-DMB-DAS**

**TINA ELAINE COX, INC.**
**d/b/a Holly Hill Salon and**
**TINA MEZA, individually**                                   **DEFENDANTS**

## ORDER

After Carol Samarov sued the two defendants in this case alleging disability discrimination claims, one of the defendants, Tina Elaine Cox, Inc., moved for summary judgment on Samarov's claims against it. Because Samarov's failure to respond to the summary judgment motion amounts to an abandonment of her claims and because Samarov has otherwise failed to create a fact issue as to whether she suffers from a disability, the summary judgment motion will be granted and Samarov will be ordered to show cause why her claims against the other defendant, Tina Meza, should not be subject to summary judgment too.

## I
## Procedural History

On November 5, 2020, Carol Samarov filed a pro se complaint in the United States District Court for the Northern District of Mississippi against Tina Elaine Cox, Inc. "d/b/a Holly Hill Salon" ("TEC") and Tina Meza, individually. Doc. #1. The complaint alleges violations of the Americans with Disabilities Act ("ADA") based on Samarov allegedly not being allowed to enter a salon with her service dog. *Id.* at PageID 2–3.

TEC answered the complaint on February 2, 2021. Doc. #8. Meza was served on July 21, 2021, Doc. #17, but to date, has not appeared in this case. Multiple notices were issued advising

Samarov that Meza is in default, "Entry of Default should be requested pursuant to Rule 55 of the Federal Rules of Civil Procedure," and "[f]ailure to request Entry of Default may result in a party of [the] case being dismissed without prejudice for failure to prosecute." Docs. #22, #23, #24.

On January 25, 2022, TEC filed a motion for summary judgment. Doc. #26. In violation of Local Rule 7(b)(3)(A), Samarov did not "respond to the motion or notify the court of [her] intent not to respond." On June 2, 2022, the Court ordered Samarov to show cause for the failure within fourteen days. Doc. #30. Samarov did not respond to the show cause order.

## II
## Standard

A court shall enter summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party." *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (cleaned up). "A fact is material if its resolution could affect the outcome of the action." *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020).

The "party seeking summary judgment always bears the initial responsibility of demonstrating the absence of a genuine issue of material fact." *Jones*, 936 F.3d at 321 (alterations omitted). When the movant would not bear the burden of persuasion at trial, he may satisfy his initial summary judgment burden "by pointing out that the record contains no support for the non-moving party's claim." *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 997 (5th Cir. 2019). If the moving party satisfies his initial burden, the nonmovant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Jones*, 936 F.3d at 321 (cleaned up).

III
**TEC's Summary Judgment Motion**

TEC argues summary judgment is appropriate because, among other things, Samarov "cannot present evidence that she is disabled within the meaning of the [ADA]."[1] Doc. #26 at 1. The Court need not reach the merits of the summary judgment motion because Samarov's failure to respond to the motion amounts to an abandonment of her claims against TEC. *See Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022) ("A plaintiff abandons claims when it fails to address the claims or oppose a motion challenging those claims."). But even if Samarov's failure to respond to the summary judgment motion did not amount to an abandonment of her claims, she has not identified specific facts in the record which show a genuine dispute as to whether she has a disability and thus has failed to demonstrate any genuine issue for trial. *See Prim v. Stein*, 6 F.4th 584, 595 (5th Cir. 2021) ("Title III of the ADA prohibits discrimination *on the basis of disability* in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation ….") (emphasis added) (cleaned up). Accordingly, summary judgment in TEC's favor is proper.

IV
**Claims Against Meza**

"Typically, a district court may grant summary judgment only on grounds requested by the moving party." *Molina v. Home Depot USA, Inc.*, 20 F.4th 166, 169 (5th Cir. 2021). However, a court may grant summary judgment *sua sponte* after giving the parties notice and an opportunity to respond. *Id.*; *see* Fed. R. Civ. P. 56(f)(3) ("After giving notice and a reasonable time to respond,

---

[1] TEC also argues that Samarov "can present no evidence that [it] discriminated against her, because … [it] did not operate the salon;" only injunctive relief is available under Title III of the ADA and Samarov only seeks money damages; even if Samarov sought injunctive relief, she does not have standing to pursue such; Samarov's failure to respond to its requests for admission resulted in the admission of dispositive issues in the case; and it was not properly served by Samarov. Doc. #26 at 1. Because Samarov has failed to create a fact issue on whether she has a disability making summary judgment proper, the Court declines to address TEC's additional arguments.

the court may … consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.").

Here, Samarov's failure to present any evidence of a disability is also dispositive of her disability discrimination claims against Meza. Accordingly, Samarov will be ordered to show cause why summary judgment in Meza's favor is not warranted.

## V
## Conclusion

TEC's motion for summary judgment [26] is **GRANTED**. Within fourteen (14) days of the entry of this order, Samarov must **SHOW CAUSE** why summary judgment on her claims against Meza is not proper and also why her claims against Meza should not be dismissed for failure to prosecute.

**SO ORDERED**, this 23rd day of June, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**