IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CAROL SAMAROV**                                                                               **PLAINTIFF**

**V.**                                                          **NO. 1:20-CV-226-DMB-DAS**

**TINA ELAINE COX, INC.**
**d/b/a Holly Hill Salon and**
**TINA MEZA, individually**                                                     **DEFENDANTS**

## ORDER

On June 23, 2022, the Court granted Tina Elaine Cox, Inc.'s motion for summary judgment on Carol Samarov's Americans with Disabilities Act ("ADA") claims because Samarov had "not identified specific facts in the record which show a genuine dispute as to whether she has a disability and thus … failed to demonstrate any genuine issue for trial." Doc. #31 at 3. Because "Samarov's failure to present any evidence of a disability is also dispositive of her disability discrimination claims against [Tina] Meza," the Court ordered Samarov to show cause "[w]ithin fourteen (14) days … why summary judgment on her claims against Meza is not proper and also why her claims against Meza should not be dismissed for failure to prosecute" based on her failure to request entry of default against Meza. *Id.* at 2, 4. Samarov did not respond to the show cause order and the time to do so has passed.

A court may grant summary judgment *sua sponte* after giving the parties notice and an opportunity to respond. *Molina v. Home Depot USA, Inc.*, 20 F.4th 166, 169 (5th Cir. 2021); *see* Fed. R. Civ. P. 56(f)(3) ("After giving notice and a reasonable time to respond, the court may … consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."). Because Samarov was notified that the Court intended to grant summary judgment on her claims against Meza but still failed to present any evidence to show a

genuine dispute regarding whether she suffers a disability, summary judgment in Meza's favor is proper.[1] A final judgment will issue accordingly.

**SO ORDERED**, this 8th day of July, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] Alternatively, since Samarov failed to respond to the show cause order and failed to seek entry of default against Meza, Samarov's claims against Meza are dismissed with prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).